UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GARY HARRIS, :

        Plaintiff, :      Civil Action No. 08-6282 (DRD)

        v. :      **MEMORANDUM OPINION
                                                         AND ORDER**

MICHELLE R. RICCI, et al., :

        Defendants. :

        This matter, which has proceeded to its appellate stages upon Plaintiff's filing of his April 17, 2014, notice of appeal, and Defendants' May 1, 2014, notice of cross-appeal, see Docket Entries Nos. 162 and 164, have been brought to this Court's attention by Plaintiff's July 1, 2014, letter. See Docket Entry No. 167.

        The letter indicates that, at his recent April 24, 2014, curative disciplinary hearing, Plaintiff was found not guilty of the "*.010" infraction. See Docket Entry No. 167, at 1, 3, 5 (replicating Plaintiff's "Adjudication of Disciplinary Charge – Inmate's Copy," with the "not guilty" box of ¶17 ("Decision") checked). Stating that "Defendants have neither filed a written statement with the Court nor served [Plaintiff with a] written statement detailing the time, date and procedure employed at the hearing[], as well as the outcome reached, . . . Plaintiff submits that he should be entitled to monetary relief [in additional to his prior monetary award]." Id. at 1.

        Plaintiff's contention should be read against the history of this matter, commenced on December 12, 2008, and based on Plaintiff's disciplinary hearing that took place in 2006. That 2006 hearing came about after Plaintiff: (a) wrote and submitted for mailing two letters that used phrases "Almighty Latin Kings" and "Tomato Heads," i.e., common references to the "Latin

Kings" and "Bloods" street gangs; and (b) sent money to a certain woman who was a member of another inmate's family. When the prison authorities learned of these letters (hereinafter, "code words" letters) and the money wire, Plaintiff was charged with a "*.010" violation ("participation in a security threat group-related activity") and "an attempt to give money to the family of another inmate." After the 2006 hearing, he was found guilty of these charges, transferred to another facility, sanctioned to a period of solitary confinement and a period of special unit housing ("SHU"), as well as to loss of commutation credits.[1] He filed a civil complaint that gave rise to this matter: challenging those disciplinary findings and sanctions, and claiming retaliation.

Once this Court screened the complaint and dismissed Plaintiff's claims based on his transfer and alleged retaliation, Plaintiff's attack on his 2006 disciplinary hearing became the sole surviving claim. As to that claim, this Court directed service, pointing out that Plaintiff might be entitled to certain damages for being subjected to a procedurally deficient hearing. Shortly thereafter, the Magistrate Judge appointed Plaintiff a pro bono counsel.

After four and a half years of litigation, the record established that: (a) Plaintiff was not provided with an opportunity to examine his "code words" letters prior to or even during his 2006 disciplinary hearing; and (b) the officer who conducted the 2006 hearing might erroneously have perceived Plaintiff's post-charge written statement as one of Plaintiff's "code words" letters and, in addition, might have based his findings, at least in part, on the conclusions reached by another prison officer, who was not authorised to make disciplinary findings.

---

[1] Apparently, Plaintiff committed many other disciplinary infractions during that period of time. See Docket Entry No. 151, at 2-3. Sanctions imposed upon him in connection with other infractions also included solitary confinement, SHU time and loss of commutation credits.

2

Presented with both parties' summary judgment motions, this Court dismissed all Plaintiff's claims except for the one based on the procedural deficiency of his 2006 hearing. On that claim, the Court awarded Plaintiff nominal damages of $1, under Carey v. Piphus, 435 U.S. 247 (1977), and awarded Plaintiff's pro bono counsel $300 in attorney's fee, under Farrar v. Hobby, 506 U.S. 103 (1992), and Velius v. Twp. of Hamilton, 466 F. App'x 133 (3d Cir. 2012).

Both sides moved for reconsideration. Defendants asserted that, under 42 U.S.C. § 1997e(d)(3), the attorney's fee had to be reduced to $1.50, since Plaintiff was a prisoner who was awarded only $1. Plaintiff, who re-assumed his pro se status, asked for an increase of his award above $1, alleging that: (a) he lost commutation credits; (b) as a result of his many infractions, his cumulative SHU time became excessive; (c) the fact that he was charged with *.010 caused him emotional distress; and (d) while at the SHU, he experienced ailments such as "inflamation," "rash," "diarrhea" and unspecified "bad pains,"and also "received treatment from the prison medical providers for a lump on his groin, left arm, left leg pain, left anterior calf, mild cellulites, swollen lower extremity and 3 lesions the size of a quarter from his own scratching." Docket Entry No. 160, at 8. Plaintiff also renewed his request for expungement of his prison file.

This Court denied both motions for reconsideration. However, in light of: (a) Plaintiff's right to a curative disciplinary hearing; and (b) Defendants' reliance on a handful of cases holdings that § 1997e(d)(3) could limit attorney's fee to $1.50 if a prisoner-client is awarded only $1, but that $1.50 limitation is inapplicable to the awards which also provide injunctive relief, this Court amended its prior judgment by directing Defendants to conduct Plaintiff's curative hearing on the "*.010" charge and to file and serve a written statement to that effect.

Both parties appealed.

On appeal, Defendants requested to reduce the appointed pro bono counsel's attorney's fee from $300 to $1.50, while Plaintiff asked the Court of Appeals to increase his damages award above $1. Meanwhile, Plaintiff's prison officials held a curative disciplinary hearing and, on April 24, 2014, Plaintiff was found not guilty of "*.010" infraction.

Plaintiff's letter at bar followed.

In his letter, Plaintiff asserts that his rights were violated because this Court was not supplied with a written statement (informing the Court of the details of the curative hearing), and Plaintiff was not provided with the same. Plaintiff also seeks to increase of his damages award above $1 because, now, his "*.010" charge has been invalidated. See Docket Entry No. 1.

There are three facial problems with Plaintiff's current application. First, Plaintiff's act of filing a notice of appeal stripped this Court of jurisdiction over this matter. See Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) ("filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal"). Second, Plaintiff's cannot simultaneously seek the very same remedy, i.e., an increase of his award above $1, from this Court and from the Court of Appeals. See Ingram v. Warden, 2011 U.S. Dist. LEXIS 7033, at *3 (D.N.J. Jan. 24, 2011) ("Simply put, [a litigant] cannot 'hedge his bets' by hoping that either continuing proceedings before this Court or his appeal before the Court of Appeals for the Third Circuit would yield a favorable result; rather, [he] is obligated to make an exclusive

election"). In other words, if this Court has erred in its finding as to the amount of Plaintiff's award, it is now for the Court of Appeals to correct this Court's finding.[2]

Third, Plaintiff's rights could not have been affected by Defendant's failure to file a written statement informing this Court of the details of Plaintiff's curative disciplinary hearing. And the three-page-long "Adjudication of Disciplinary Charge – Inmate's Copy" provided to Plaintiff by his prison officials was a written statement sufficiently informing him of the hearing date, the reasons for his acquittal of the "*.010" charge, etc. See Docket Entry No. 167, at 3-5.

In light of the foregoing, Plaintiff's letter warrants no relief. That being said, one aspect warrants mentioning. As noted supra, Plaintiff's complaint and his motion for reconsideration sought expungement of his prison records from the "*.010" infraction. An expungement claim is viable if the sanction was rendered on the basis of no evidence at all. See Williams v. Federal Bureau of Prisons, 85 F. App'x 299, 303 (3d Cir. 2004) (citing Paine v. Baker, 595 F.2d 197, 201 (4th Cir.1979)). Here, Plaintiff's acquittal of the "*.010" charge indicates an administrative finding that Plaintiff's use of phrases "Almighty Latin Kings" and "Tomato Heads" were merely Plaintiff's "expressions of himself" made without any relation to "a security threat activity." See

---

[2] Furthermore, as this Court's prior opinions detailed: (a) Plaintiff's period spent in solitary and SHU confinements on the basis of the "*.010" charge did not amount to an "atypical and significant hardship" under Sandin v. Conner, 515 U.S. 472 (1995), Dunbar v. Barone, 487 F. App'x 721 (3d Cir. 2012), and Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997); (b) the "emotional distress" he allegedly experienced because of the "*.010" charge cannot qualify as "actual injury" under Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 573 (3d Cir. 2002), and Pryer v. C.O. 3 Slavic, 251 F.3d 448, 453 (3d Cir. 2001); (c) the ailments Plaintiff experienced at the SHU are not causally connected to the procedural errors marring his 2006 hearing and, thus, these ailments cannot be litigated in this action; (d) Plaintiff's challenges based on his transfer to another prison facility cannot implicate the due process guarantees; and (e) his retaliation claim is substantively meritless. Thus, even if this Court was not stripped of jurisdiction by Plaintiff's appeal, this Court would have no legal basis to increase Plaintiff's damages award above $1.

Docket Entry No. 167, at 3-5. Correspondingly, Plaintiff's prison record should already have been expunged, automatically. However, this Court finds it warranted to ensure proper and prompt administrative expungement of Plaintiff's prison records by directing Defendants to serve Plaintiff with a written statement verifying due expungement of the "*.010" infraction.[3]

IT IS, therefore, on this 11th day of July, 2014,

ORDERED that, within thirty days from the date of entry of this Memorandum Opinion and Order, Defendants shall serve Plaintiff with a written statement verifying expungement of the "*.010" infraction from Plaintiff's prison file; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by certified mail, return receipt requested; and it is further

ORDERED that the Clerk shall serve a complimentary copy of this Memorandum Opinion and Order upon the United States Court of Appeals for the Third Circuit. Such service shall be executed by means of electronic delivery and accompanied by a notation reading, "IN CONNECTION WITH USCA CASE NUMBERS 14-1998 AND 14-2102"; and it is finally

ORDERED that the Clerk shall serve a complimentary copy of this Memorandum Opinion and Order upon Plaintiff's former pro bono counsel. Such service shall be executed by means of electronic delivery at "gkull@cmk.com" and, in addition, at "sblick@cmk.com."

/s/ Dickinson R. Debevoise
**Dickinson R. Debevoise,**
**United States District Judge**

---

[3] In the event Plaintiff's commutation credits lost because of the "*.010" charge have not been restored, Plaintiff may seek restoration of these credits by commencing a timely § 2254 habeas action with this District, provided that he duly exhausts his state remedies.